# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROXANNA ARAMJOO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-460-CV-W-GAF |
| ) | |
| ST. LUKE'S HOSPITAL OF ) | |
| KANSAS CITY. ) | |
| ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| SARAH A. BROWN and ) | |
| PARKINSON, FOTH, ORRICK & ) | |
| BROWN, LLP, ) | |
| ) | |
| Defendants/Third Party Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| MCCOLLUM AND PARKS, LC, ) | |
| FRANK B.W. MCCOLLUM, AND ) | |
| STACY M. BUNCK, ) | |
| ) | |
| Third Party Defendants ) | |

## **ORDER**

Presently before the Court is Plaintiff Roxanna Aramjoo's ("Aramjoo") Motion for Leave to File Third Amended Complaint ("Aramjoo's Motion"). (Doc. #114). Also before the Court is Defendants/Third Party Plaintiffs' ("the Firm") Motion to Dismiss Plaintiff's Action Against Them and Their Action Against Third Party Defendants McCollum & Parks, L.C., Frank B.W. McCollum and Stacy M. Bunck ("the Firm's Motion"). (Doc. #116). The Firm argues that the federal action supporting this Court's

1

exercise of supplemental jurisdiction over the state court action has concluded and, therefore, the remaining state law claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. Id. Aramjoo argues that considerations of judicial economy, convenience, and fairness to the litigants warrant this Court's retention of supplemental jurisdiction over the remaining state law claims. (Doc. #114). After considering the evidence and the arguments submitted by the parties, Aramjoo's Motion is DENIED and the Firm's Motion is GRANTED.

## DISCUSSION

### I. Facts

This action arose on May 20, 2004 when Aramjoo filed her complaint containing Title VII and state law employment claims against Defendant St. Luke's Hospital of Kansas City ("SLH"). (Doc. #114). On November 10, 2004, this Court permitted Plaintiff to add state law claims against the Firm for alleged legal malpractice arising out of its representation of her. (Doc. #28). The Firm then filed claims against McCollum and Parks, LC, Frank B.W. McCollum, and Stacy M. Bunck ("Plaintiff's counsel") for malpractice. (Doc. #65).

Aramjoo and SLH have settled Aramjoo's claims against it and have submitted a Joint Stipulation of Dismissal with Prejudice of these claims. (Doc. #114, Attach. #1). The parties agree that all federal claims over which this Court had original jurisdiction have been settled. However, Aramjoo has not settled her claims against the Firm and requests that this Court retain jurisdiction of these claims under 28 U.S.C. § 1367(c). ("§ 1367(c)") (Doc. #114). This Court took supplemental jurisdiction over Aramjoo's state law claims pursuant to 28 U.S.C. § 1367(a) ("§ 1367(a)").

2

Aramjoo now wishes to file a newly amended complaint, "to add factual statements supporting her claims" and to "modify the language against these defendants." (Doc. #114). Thus far, the parties have engaged in minimal discovery regarding Aramjoo's state law claim for legal malpractice. Id. Fed. R. Civ. P. 26 disclosures have been completed, Aramjoo and the Firm have designated their expert witnesses, and the Firm has taken Aramjoo's deposition. Id. However, no written discovery has been completed, and the trial on Aramjoo's remaining claims is currently scheduled for late March 2005. (Docs. #69, #115).

The Firm argues that, because this Court has dismissed all federal claims over which it had original jurisdiction, Aramjoo's remaining state law claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. #116). Aramjoo asserts that considerations of judicial economy warrant this Court's retention of supplemental jurisdiction under § 1367. (Doc. #114).

**II. Legal Standard and Analysis**

Section 1367(a) provides in its entirety:

Except as otherwise provided in subsections (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

3

However, § 1367(c) provides an exception to § 1367(a)'s requirement that district courts "shall" have supplemental jurisdiction over claims that form part of the same case or controversy as the claims over which the federal court has jurisdiction. Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Courts have discretion to decline to exercise supplemental jurisdiction where, as in this case, all federal claims have been eliminated before trial. *See* Franklin v. Zain, 152 F.3d 783, 785 (8th Cir. 1998). When a case fits within one of § 1367(c)'s subsections, the court should consider judicial economy, as well as convenience and fairness to the litigants when deciding whether to exercise supplemental jurisdiction. Cossette v. Minnesota Power & Light, 188 F.3d 964, 973 (8th Cir. 1999). In the usual case where all federal law claims are eliminated before trial, the balance of the factors to be considered will weigh in favor of declining to exercise jurisdiction over the remaining state law claims. Quinn v. BJC Health Sys., 364 F.Supp.2d 1046, 1056 (E.D. Mo. 2005), *citing* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Indeed, "Federal district courts should exercise judicial restraint and avoid state law issues wherever possible because state law claims are more properly heard by state courts." Id., *quoting* Cameron v. Mid-Continent Livestock Supp., Inc., 211 F.Supp.2d 1120, 1127 (E.D. Mo. 2002). *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (holding that in the absence of a viable federal

4

claim, the district court should decline to exercise supplemental jurisdiction over the remaining state law claims).

In the instant case, Aramjoo claims that this Court should retain jurisdiction over Aramjoo's state law claims in the interest of judicial economy. (Doc. #114). Aramjoo cites to one case, Tinius v. Carroll County Sheriff Dept., No. C03-3001-MWB, 2004 WL 2943846, at *3 (N.D. Iowa Dec. 17, 2004), in support of her proposition that judicial economy warrants this Court's continued jurisdiction over Aramjoo's remaining state law claims. In Tinius, the court was guided by the fact that substantial time and judicial resources had been invested in the pre-trial administration of the case, and continued jurisdiction over the plaintiff's state law claims was therefore justified. Id. Further, the Tinius court noted that the matter was set for a jury trial in one month. Id.

In this case, substantial time and judicial resources have not been invested to warrant this Court's retention of supplemental jurisdiction over Aramjoo's state law claims. Aramjoo has submitted a list which details the discovery that has been conducted by the parties to date. (Doc. #114). While the parties have apparently conducted some discovery regarding Aramjoo's claims against SLH, those claims have been dismissed. Extensive resources have not been invested in the state law claims over which this Court took supplemental jurisdiction. The parties have completed Fed. R. Civ. P. 26 disclosures, Aramjoo and the Firm have designated their expert witnesses, and the Firm has taken Aramjoo's deposition. Id. However, no written discovery has been completed. (Doc. #115). The trial on Aramjoo's remaining claims is currently scheduled for late March 2005, over five months from now. (Doc. #69). The fact that Aramjoo wishes to file a newly amended complaint, "to add factual statements supporting her claims" and to "modify the language against these defendants" serves as further evidence that extensive resources have not yet been

5

invested. Rather, the remaining state law claims are still in their early stages of development. (Doc. #114). This Court will therefore not retain supplemental jurisdiction over the remaining state law claims.

## **CONCLUSION**

Because all federal claims have been eliminated before trial, and because significant judicial resources have not been invested in the pre-trial administration of this case, this Court's retention of jurisdiction over the remaining state law claims is not justified. Accordingly, Aramjoo's Motion is DENIED and the Firm's Motion is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: **October 26, 2005**